a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEONTAY DESHUN HARDY #702823, Plaintiff | CIVIL DOCKET NO. 1:21-CV-03498 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| TIM HOOPER, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Deontay Deshun Hardy ("Hardy"). Hardy is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Hardy challenges his conviction and sentence imposed in the Tenth Judicial District Court, Natchitoches Parish.

Because Hardy has not yet exhausted his state court remedies, his Petition should be DISMISSED without prejudice.

I. **Background**

Hardy was convicted of armed robbery and attempted armed robbery. ECF No. 1 at 1. On January 26, 2021, he was sentenced to a total of 140 years of imprisonment. *Id.* Hardy states that his appeal is currently pending in the Louisiana Third Circuit Court of Appeal. *Id.* at 2.

1

Hardy alleges that the prosecution withheld evidence favorable to his defense; there was no probable cause for his arrest; and the trial court failed to suppress certain evidence and testimony. ECF No. 1.

## II. Law and Analysis

Before seeking federal habeas relief, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). To provide the State with this necessary "opportunity," the prisoner must "fairly present" his claim to the appropriate state court in a manner that alerts that court to the federal nature of the claim. *Baldwin*, 541 U.S. at 29-32.

Hardy must fairly present the same claims and legal theories he raises in his federal Petition to each of the state courts, including the Louisiana Supreme Court, in a procedurally proper manner to satisfy the exhaustion requirement. Hardy states that his appeal is currently pending in the Third Circuit and has not yet been adjudicated by that court or the Louisiana Supreme Court. Therefore, Hardy's claims are not yet exhausted.

Dismissal of Hardy's federal petition for lack of exhaustion is warranted so that Hardy can fully exhaust his state remedies and then return to this Court after exhaustion has been accomplished.[1] *See Thompkins v. Ford*, 2018 WL 3545164, at *3 (E.D. La. 2018).

---

[1] Hardy is reminded there is a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. 28 U.S.C. § 2244(d). Section 2244(d)(1) sets forth the general rule that a

2

### III. Conclusion

Because Hardy has not yet exhausted his federal habeas claims IT IS RECOMMENDED that his § 2254 Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE to refiling once exhaustion is completed.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, November 15, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

federal habeas petition must be filed within one year after either the petitioner's conviction becomes final or the factual predicate of the claims could have been discovered through the exercise of due diligence, whichever is later. *Id.* § 2244(d)(1).